ecution will be of no avail ; but the Court will not anticipate the merits upon such a motion.

MARSHALL, *Ch. J.* The writ of error is to the original decree, which did not award this writ of *habere facias*. It was awarded by a subsequent order of the Court, to which no writ of error issued.

TODD, J. The attachment to compel a performance of the decree was unavailing ; and upon the return of it, the *habere facias* was issued in conformity with the practice in that state, as admitted by the counsel on both sides in the Court below. It was ordered as a matter of course, and no objection was made. If this motion should prevail, it will make the writ of error operate as a *supersedeas*, contrary to the intention of the act of Congress.

*Motion overruled.*

## M'KIM *v.* VOORHIES.

*Present.....All the Judges.*

1812.

March 13th

THIS was a case *certified* from the Circuit Court for the district of Kentucky, in which the opinions of the Judges were opposed.

A State Court has no jurisdiction to enjoin a judgment of the Circuit Court of the U.S.

At the July adjourned term of the Court below, in the year 1808, *M'Kim*, a citizen of Maryland, recovered a judgment in ejectment against *Voorhies*, a citizen of Kentucky, for the undivided third part of a water mill, with its appurtenances, in the county of Franklin, in the state of Kentucky. At the same time Voorhies filed his bill in Chancery in the Court below against *M'Kim*, and John Instone, *a citizen of Kentucky*, and Hayden Edwards, a citizen of South Carolina, claiming an equitable lien on the said third part of the mill, &c. on account of contracts, &c. between Bennett Pemberton (under whom Voorhies held the premises) and Hayden Edwards and John Instone ; Pemberton having

M'KIM
v.
VOORHIES.

sold the said third part of the mill, &c. to Edwards, who sold to Instone, who sold and conveyed to M'Kim. Instone was the only Defendant served with process from the Court below. M'Kim and Instone answered the bill, and brought on a motion to dissolve the in- junction on the merits, which was overruled by the Court below. At the term next preceding November term, 1810, (*Edwards* not having answered) the Court below dismissed the suit as to him; and as to *Instone*, for want of jurisdiction; after which *Voorhies* had leave to discontinue as to *M'Kim* on payment of costs. The suit was accordingly discontinued. Previous to this disposition of the cause, *Voorhies* filed his bill in Chan- cery against the same parties in the *State* Circuit Court for the county of Franklin, in the state of Kentucky, in which he set up the same equity as he charged in his bill in the Court below. On this bill he, by an order from one of the Circuit Judges *of the State*, obtained an injunction, staying all further proceedings on the said judgment in ejectment, until the matters of the said bill were heard in equity. This injunction was dissolv- ed at the July term of the Franklin Circuit Court; shortly after which the said injunction was reinstated by the order of the honorable Caleb Wallace, one of the judges of the Court of Appeals of the state of Kentucky, issued under the act of the general assembly of that state, passed at their December session in the year 1807.

The injunction issued in the cause by the State Court, and the order reinstating that injunction, were duly notified to the clerk of the Court below, and offi- cial copies of each lodged in his office. On the third day of the session of the Court below, at its Novem- ber term, 1810, M'Kim, by his attorney, applied to the clerk of the Court below for a writ of *habere facias possessionem* on the said judgment in ejectment, but the clerk refused to issue the writ in consequence of the in- junction and orders aforesaid; whereupon M'Kim, by his counsel, moved the Court below to instruct and or- der their clerk to issue a writ of *habere facias possessio- nem,* on the judgment of that Court, the injunction and orders aforesaid notwithstanding. Upon this motion of the plaintiff, the opinions of the Judges were opposed. The case was submitted by HARPER for the Plaintiff,

without argument. There was no appearance for the Defendant.

<div style="text-align:right">M'KIM<br>v.<br>VOORHIES.</div>

*March 14th....All the Judges being present,*

TODD, J. stated the opinion of the Court to be, that the State Court had no jurisdiction to enjoin a judgment of the Circuit Court of the United States; and that the Court below should be ordered to issue the writ of *habere facias.*

---

## BEATTY v. THE STATE OF MARYLAND.

<div style="text-align:right">1812.<br>March 15th.</div>

*Present....All the Judges.*

ERROR to the Circuit Court for the district of Columbia, sitting in Washington.

<div style="text-align:right; font-style:italic">A final account settled by an administrator with the Orphan's Court, is not conclusive evidence in his favor upon the issue of devastavit vel non.</div>

This was an action of debt brought at the instance and for the use of *Thomas Corcoran* against Thomas Beatty upon the administration bond of Mrs. Doyle, administratrix, with the will annexed, of Alexander Doyle. The Defendant was one of her sureties in that bond. The Defendant after *oyer* pleaded a special performance of every item in the condition of the bond. To which the Plaintiff replied a judgment *de bonis testatoris* obtained by him, in May, 1799, against the administratrix, fieri facias upon that judgment and a return of *nulla bona.* The replication also avers that the administratrix had in her hands, at the time of the judgment, goods of her testator sufficient to satisfy the debt, but that she *wasted* them. The Defendant took issue upon the *devastavit.*

Upon the trial of this issue, the Defendant below took a bill of exceptions which stated—that the Plaintiff offered in evidence the record of the judgment in May, 1799, against the administratrix for 357 dollars, and the fieri facias returned *nulla bona.* And also the *inventory* which she had exhibited to the orphans Court of Montgomery county, in Maryland, in January, 1795.

VOL. VII.    37